UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 14-cv-21108-MGC

ALAN GONZALEZ,
FREDERICO ZAPATA, and
RICARDO FABIAN GAUNA,

    Plaintiffs,

vs.

HARBOR PITA, INC. d/b/a
THE HARBOUR GRILL, and
GILBERT AMSELLEM,

    Defendants.
_____/

## ORDER DISMISSING PLAINTIFF FREDERICO ZAPATA

THIS MATTER is before me on Defendants' Motion to Dismiss as Sanction (ECF No. 37) and my Order to Show Cause (ECF No. 42), neither of which has been responded to by Plaintiff Frederico Zapata ("Zapata"). For the reasons stated herein, Defendants' Motion to Dismiss as Sanction is granted.

### I.   BACKGROUND

This is an action for breach of agreement, quantum meruit, unjust enrichment, and recovery of unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), and the Florida Minimum Wage Act ("FMWA"), Section 448 *et seq.*, Florida Statutes. (ECF No. 1-1). On February 13, 2015, Defendants moved to compel the depositions of Plaintiffs Alan Gonzalez and Frederico Zapata, after both individuals failed to appear for their duly noticed depositions on January 14, 2015. (ECF No. 23). On April 3, 2015, Magistrate Judge Torres granted Defendants' Motion to Compel, ordering both plaintiffs to appear on April 13, 2015 for their depositions. Zapata's counsel appeared at the scheduled deposition on April 13, 2015, but Zapata never did. Zapata's counsel was subsequently permitted to withdrew as counsel for Zapata (ECF No. 32), and Zapata now proceeds in this case *pro se*. On May 26, 2015, Defendants moved to dismiss this action against Zapata as

a sanction for his failure to appear for his deposition on April 13, 2015. To date, Zapata has not responded to Defendants' Motion to Dismiss.

On June 22, 2015, a Mediator's Report was filed in this case, indicating that Zapata failed to appear at the Court-ordered mediation (ECF No. 20), or to give any reason for his non-appearance. (ECF No. 41). On June 29, 2015, I entered an Order to Show Cause, requiring Zapata to show cause within five days why sanctions should not be entered against him, including dismissal of his claims, for failure to appear at mediation. (ECF No. 42). Zapata never responded to the Order to Show Cause.

## II.  LEGAL STANDARDS

The court may, on motion, order sanctions when a party fails to appear for its deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Potential sanctions for disobeying a Court's discovery order include staying further proceedings until the order is obeyed and dismissing the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(iii)-(iv). Under Rule 37, the court has broad discretion to fashion appropriate sanctions for violation of discovery orders. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). The sanction of dismissal is most appropriately used as a last resort, when less drastic sanctions would not ensure compliance with the court's orders. *See Id.* While dismissal is not necessarily favored, it may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith, or fault. *Mene v. Marriot Inter., Inc.*, 238 F. App'x 579, 582 (11th Cir. 2007) (citing *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993)). Finally, there is a need for strict adherence to Rule 37 to prevent parties from "flouting discovery orders." *Id.* (citing *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991)).

Federal Rule of Civil Procedure 41(b) provides for the involuntary dismissal of an action where the plaintiff fails to comply with a court order. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Dismissal with prejudice, however, is an extreme sanction that may be properly imposed only when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Id.* at 1338.

### III.  ANALYSIS

Plaintiff Zapata's conduct in this case warrants the dismissal of his claims with prejudice. Without explanation, Zapata failed to appear at his duly noticed deposition on January 14, 2015. The Magistrate Judge then entered an order compelling Zapata to appear for his deposition on April 13, 2015. As of the time of both of these duly noticed depositions, Zapata was represented by counsel. Nevertheless, Zapata failed to appear at both times, without explanation. Ultimately, Zapata's lack of communication with his counsel led to his attorney's withdrawal from representing Zapata in this matter. (ECF Nos. 27, 32). Zapata has also disregarded this Court's Order to Show Cause why his claims should not be dismissed for his failure to appear at the Court-ordered mediation.[1] Zapata's complete neglect of his case leaves me with no other alternative but to dismiss his claims with prejudice. Given Zapata's complete non-responsiveness for the last six months, no other remedy would appear able to ensure Zapata's compliance with his obligations in this case, or to move his claims towards resolution.

### IV.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Defendants' Motion to Dismiss as Sanction (ECF No. 37) is **GRANTED**. Plaintiff Zapata's claims are **DISMISSED** *with prejudice*. The Clerk shall administratively **TERMINATE** Plaintiff Frederico Zapata from this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 8th day of July 2015.

_____
MARCIA G. COOKE
United States District Judge

---

[1] The Order to Show Cause was mailed by chambers staff to Zapata at his last known address.

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*

Frederico Zapata, *Pro Se*
17055 SW 52nd Court
Miramar, Florida 33027